IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Johannes Jonge Vos,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-13-1891-PHX-DJH (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, U.S. DISTRICT JUDGE:

Robert Johannes Jonge Vos filed a Petition for Writ of Habeas Corpus challenging his conviction and sentence in Maricopa County Superior Court for two felonies. His Petition raises three grounds for relief: ineffective assistance of counsel, subject matter jurisdiction, and prosecutorial misconduct. As explained below, the Court recommends that Vos' petition be denied and dismissed with prejudice.

**BACKGROUND**

Vos was indicted in Maricopa County Superior Court for 11 counts of sexual exploitation of a minor based on sexually explicit still and video images found on his home computer. (Doc. 13, Ex. A) After Vos successfully moved to remand the case to the Grand Jury for a new determination of probable cause, the Grand Jury again indicted Vos for 11 counts of sexual exploitation of a minor, all class 2 felonies and dangerous crimes against children. (Doc. 13, Exs. B, C, D, F) Vos was arraigned and entered a plea

of not guilty. (Doc. 16 at 17) Vos again moved to remand his case to the Grand Jury but was unsuccessful. (Doc. 13, Exs. H, I, J, K)

Following a settlement conference, Vos signed plea agreements for both counts and a separate plea agreement detailing the requirements of registration as a sex offender. (Doc. 13, Ex. L) Vos enter a plea of guilty for one count of sexual exploitation of a minor and one count of attempted sexual exploitation of a minor. (Doc. 13, Exs. L, M, RR) The Superior Court sentenced Vos to a presumptive term of 17 years for the sexual exploitation count and to a term of lifetime probation for the attempted sexual exploitation count. (Doc. 13, Exs. O, SS) As contemplated by his plea agreement, the Superior Court dismissed the remaining counts. (Doc. 13, Exs. L, O, SS)

Vos initiated post-conviction relief proceedings. (Doc. 13, Ex. P) The Superior Court appointed Vos counsel who notified the Court that she was unable to raise any viable issues and would not file a Petition. (Doc. 13, Exs. Q, R, S, T, U) Vos' request for new counsel was denied. (Doc. 13, Exs. X, BB) Vos filed a *pro per* petition and raised three arguments: ineffective assistance of trial counsel, subject matter jurisdiction, and prosecutorial misconduct. (Doc. 1 at 17-38, Ex. 1 at 1-4; Doc. 13, Exs. V, W, Y, Z, AA) At the completion of briefing, the Superior Court found that Vos had not presented any colorable claims for post-conviction relief and dismissed his petition. (Doc. 1, Ex. 2 at 27-28; Doc. 13, Exs. CC, DD, EE, FF) The Superior Court subsequently denied Vos' motion for reconsideration. (Doc. 13, Exs. GG, HH, II)

Vos timely filed a *pro per* petition for review. (Doc. 13, Ex. JJ) His petition lists three bullet points with the same three arguments that he raised in his Rule 32 petition. (Doc. 13, Ex. JJ) Vos also wrote a paragraph alleging that his repeated requests to his trial and appellate counsel for "'missing' transcripts and documents" went unanswered. He acknowledges that he received some of the documents he had requested and then alleges that "if all Defendant's requests would have been successfully fulfilled by his counsel, the outcome of his case would have been different." (*Id*. at 3) He does not explain which documents he received and he does not detail how the missing documents

would have impacted his case. Moreover, he does not cite any statutes, rules, or cases to support his ineffective assistance argument.

Then, Vos wrote a page arguing that jurisdiction was proper in Nevada, not Arizona, because one of the images had been taken in Nevada. (*Id*. at 2-3) Finally, he writes that his "indictment failed to list essential elements when not specifying the Causation (i.e., 'To wit . . .') in counts 1 and 2, and was therefore 'facially defective.'" (*Id*. at 4) He does not elaborate on that argument and instead lists a page of citations. In conclusion, he states "[t]he main reason why this Court should grant this petition for Review, is that the Maricopa County Superior Court and the state's prosecution never had or claimed subject matter jurisdiction over the evidence for which Defendant was ultimately sentenced. This fact encompassed all remaining issues and points to the very foundation of Mr. Jonge Vos's case." (*Id*. at 5-6) After the completion of briefing, the Court of Appeals denied review. (Doc. 1, Ex. 2 at 38; Doc. 13, Exs. KK, LL) Vos' petition to the Arizona Supreme Court for review was denied on September 13, 2012. (Doc. 1 at 117; Doc. 13, Ex. OO)

On September 12, 2013, Vos filed a Petition for Writ of Habeas Corpus in this Court. (Doc. 1) His first claim for relief is ineffective assistance of counsel. Specifically, he alleges that his trial counsel should have (1) argued that the search warrant was improperly served, (2) argued that the facts in Counts One and Two of the indictment were inaccurate, (3) been present when Vos was processed for release from custody and during his second not-guilty arraignment, (4) turned over transcripts, and (5) demanded witness interviews and discovery items. (*Id*. at 6-11) His second claim for relief is that Arizona never acquired subject matter jurisdiction over the evidence in Count One. (*Id*. at 12) His third claim for relief is prosecutorial misconduct based on the errors in the initial Grand Jury proceedings, subject matter jurisdiction, double jeopardy from the second indictment, and his belief that nine of the counts were charged only for enhancement purposes. (*Id*. at 13) Respondents contend that Vos' claims are technically exhausted but procedurally defaulted, and that his claims are not cognizable in habeas

review. The Court agrees that Vos' claims are barred and recommends that this Petition be denied and dismissed with prejudice.

## EXHAUSTION OF REMEDIES & PROCEDURAL DEFAULT

Exhaustion of Remedies. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Default. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999)*; White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

**VOS' CLAIMS ARE BARRED**

Vos did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so.

<u>Vos' claims were not fairly presented.</u>  To meet the exhaustion requirement, Vos needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims.  Vos did not do so.

Vos' petitioned the Arizona Court of Appeals for review of dismissal of his Rule 32 proceedings and listed three claims as follows:

> II. ISSUE PRESENTED FOR REVIEW
> a.)  Ineffective Assistance of Counsel (see Defendant's PCR report, 05/12/09, issue II, pages 1-12)
> b.)  Subject Matter Jurisdiction (see Defendant's PCR report, 05/12/09, issue IV, pages 13-18)
> c.)  Prosecutorial Misconduct (see Defendant's PCR report, 05/12/09, issue V, pages 18-24)
> Also, refer to all attached supporting documentation in defendant's Rule 32, PCR report; including not limited to ILS (Inmate Legal Service) letters, Affidavits and notes, which supports Defendant's claims.

(Doc. 13, Ex. JJ at 2)  Arizona Rule of Criminal Procedure 32.9(c)(1)(iv) "requires that a petitioner present the issues and material facts supporting a claim in a petition for review and prohibits raising an issue through incorporation of any document by reference, except for appendices."  *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012).  Vos did not comply with this procedural requirement and this list is insufficient to show that he fairly presented his claims to the Court of Appeals.  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the

presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").

In addition, Vos was required to explicitly state the federal legal basis for his claim. Vos did not do so. He provided the Court of Appeals with no legal support for his claims of ineffective assistance of counsel and prosecutorial misconduct. In addition, he supported his subject matter jurisdiction claim by citing to various state and federal cases about the sufficiency of indictments. (Ex. JJ at 5-6) Because Vos failed to "make the federal basis of the claim[s] explicit by citing either federal law or the decision of federal courts," he did not fairly present these claim. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). Accordingly, he did not exhaust his claims in state court.

An Implied Procedural Bar Applies. None of the three claims in Vos' habeas petition were fairly presented in state court and Vos has no remaining state remedies. Vos is now precluded or time-barred from raising his three claims in successive and untimely Rule 32 petitions. Accordingly, an implied procedural bar exists. Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) & (b), or 32.4(a).

In his Petition and his Traverse, Vos has not demonstrated any cause for the default. (Doc. 1, 16) Moreover, both pleadings fail to address the issue of a miscarriage of justice. Accordingly, this Court will not review his procedurally defaulted claims.

**IT IS THEREFORE RECOMMENDED** that Robert Johannes Jonge Vos' petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 29th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge